# fIN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| ADRIANE STREIFF : | |
| : | |
| v.   : | Civil No. CCB-13-845 |
| : | |
| ANNE ARUNDEL COUNTY : | |
| BOARD OF EDUCATION : | |

## **MEMORANDUM ORDER**

Adriane Streiff sues her former employer, the Anne Arundel County Board of Education ("Board"), alleging retaliation for asserting her daughter's entitlements under the Americans with Disabilities Act ("ADA"), 42 U.S.C. §§ 12101–12213, and the Rehabilitation Act, 29 U.S.C. § 790–794f. This court previously granted the Board's motion for summary judgment on those claims, granting judgment in favor of the Board. (*See* ECF No. 45.) Streiff now moves to amend or alter that judgment under Federal Rule of Civil Procedure 59(e).

There are "three grounds for amending an earlier judgment: (1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available at trial; or (3) to correct a clear error of law or prevent manifest injustice." *Sloas v. CSX Transp., Inc.*, 616 F.3d 380, 385 n.2 (4th Cir. 2010) (quoting *Hutchinson v. Staton*, 994 F.2d 1076, 1081 (4th Cir. 1993)). Because Streiff points to no change in the law or new evidence, her motion rises and falls on the third of these categories. That motion will be denied, on the ground that "[a] Rule 59(e) motion 'may not be used to relitigate old matters, or to raise arguments or present evidence that could have been raised prior to the entry of judgment.'" *Tepeyac v. Montgomery Cnty.*, 5 F. Supp. 3d 745, 770 (D. Md. 2014) (quoting *Pacific Ins. Co. v. Am. Nat'l Fire Ins. Co.*, 148 F.3d

396, 403 (4th Cir. 1998)).

Streiff first objects that the court's disposition of her case failed to recognize that the Board did not proffer any explanation for Streiff's termination from her position as lunchroom/recess monitor. Streiff advanced that argument in her opposition to summary judgment, (*see* Mem. Opp. Summ. J. 12, ECF No. 37-1), and the court rejected it as inconsistent with the record. In both her affidavit and her deposition, Teresa Sacchetti explained that Streiff was terminated from her lunchroom/recess monitor position for the same reason she was rendered ineligible to continue substituting at Benfield Elementary School. Indeed, this court's previous memorandum quoted Sacchetti, who stated under oath that Streiff's recent encounter with Susan Linthicum, combined with a past incident with another teacher, convinced Sachetti that that "it would be best with the hostile environment and the concerns of staff that [Streiff] not sub at Benfield *and she not return as a monitor*." (*See* Memorandum 10, ECF No. 44 (quoting Opp. Mot. Summ. J., Ex. 6, Sacchetti Dep. 154, ECF No. 37-7 (emphasis added)).)

Streiff next argues that the court previously failed to recognize that the Board had placed Streiff on a list of available substitutes for another school before terminating her eligibility to continue substituting at Benfield. Although Streiff's opposition to summary judgment noted that fact, (*see* Opp. Mot. Summ. J. 5), her opposition never argued that the timing of her inclusion on that separate list was probative of pretext. Streiff's failure to assert that argument before precludes her from doing so now. Even were it otherwise, the Board's decision to offer Streiff additional opportunities to substitute—even if she had not requested those opportunities—does not support an inference of pretext.

Streiff also faults the court for failing to acknowledge that Sacchetti neither mediated nor investigated Streiff's conflicts with her co-workers prior to her termination. Streiff previously highlighted that fact in her opposition to summary judgment. (*See* Opp. Mot. Summ. J. 14.) As the court previously noted, however, Streiff was a temporary employee not entitled to the procedural protections afforded many of her co-workers. (Memorandum 12.) Sacchetti's failure to grant Streiff such protections, the court previously concluded, does not suggest pretext.

Last, Streiff argues that "an employer's alleged legitimate basis for its employment decision does not provide it with a complete defense to retaliation." For support, she cites *Ainsworth v. Loudon County School Board*, 851 F. Supp. 2d 963, 977–78 (E.D. Va. 2012), which discussed an employer's defenses to proscriptive retaliation claims under the Family and Medical Leave Act ("FMLA"). That argument, and the case that putatively supports it, never appeared in Streiff's opposition to summary judgment and thus cannot be the basis for reconsideration now. Further, and in the alternative, *Ainsworth* was decided on a motion to dismiss. At the summary judgment stage, in this case, Streiff failed to proffer sufficient evidence to find that "unlawful considerations . . . played a determinative role in [the] employment decision." *Id.* at 978.

For the reasons described above, Streiff's motion to alter or amend the judgment, (ECF No. 47), is **DENIED.**

January 20, 2015                                   /S/
       Date                                  Catherine C. Blake
                                             United States District Judge